```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

JULIUS REEVES,                       :

    Petitioner,                   :

v.                                   :    CIVIL ACTION 15-0288-WS-M

WALTER MYERS,                        :

    Respondent.                   :


## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied as this Court does not have jurisdiction over it, that this action be dismissed, and that judgment be entered in favor of Respondent Walter Myers and against Petitioner Julius Reeves on all claims.

On August 26, 1998, Petitioner was convicted of capital murder-robbery in the Dallas County Circuit Court for which he was sentenced to life without parole (Doc. 1, pp. 2-3; Doc. 6,

p. 2). No appeal was filed (Doc. 1, p. 3; Doc. 6, p. 2).

Petitioner filed his first State Rule 32 petition on August 22, 2000 and amended it twice before it was denied on February 8, 2001 (Doc. 6, Exhibit B, pp. 55-57). The denial was affirmed by the Alabama Court of Criminal Appeals on May 18, 2001 (Doc. 6, Exhibit E). The Alabama Supreme Court denied Reeves's petition for *certiorari* on August 31, 2001 (Doc. 6, Exhibit F).

Petitioner next filed a federal habeas petition in the Northern District of Alabama that was transferred to—and received by—this Court on July 1, 2002 (Doc. 6, Exhibit G). On October 22, 2001, Senior United States District Judge denied and dismissed the petition as time-barred under the Anti-Terrorism and Effective Death Penalty Act (Doc. 6, Exhibit K; *see also Reeves v. Bullard*, C.A. 02-0495-BH-C (S.D. Ala. October 22, 2002)). On December 2, 2002, Reeves's appeal was denied for his failure to pay docketing and filing fees (Doc. 6, Exhibit M); a certificate of deniability was later denied by the appellate court (Doc. 6, Exhibit N). Petitioner's motion for reconsideration was denied on June 18, 2003 (Doc. 6, Exhibit O).

On August 10, 2012, the Alabama Supreme Court dismissed Reeves's petition for writ of mandamus, seeking that his murder conviction be vacated, for lack of jurisdiction as post-conviction petitions must be first filed with the circuit court

of original jurisdiction (Doc. 6, Exhibit P).

On June 14, 2013, Reeves filed a second State Rule 32 petition (Doc. 6, Exhibit Q, pp. 8-14); the Dallas County Circuit Court dismissed the petition on November 7 (Doc. 6, Exhibit Q, pp. 65-70). On April 18, 2014, the Alabama Court of Criminal Appeals upheld the dismissal (Doc. 6, Exhibit U). On July 11, the same Court overruled Petitioner's application for rehearing (Doc. 6, Exhibit X, p. 29). On May 26, 2015, the Alabama Supreme Court denied Reeves's petition for *certiorari* (Doc. 6, Exhibit Y).

On May 29, 2015, Petitioner filed a second habeas petition in this Court, raising a single claim: Reeves's sentence to life in prison without parole when he was only sixteen years old is unconstitutional as found by a recent United States Supreme Court decision, *Miller v. Alabama*, --- U.S. ---, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (Doc. 1). Petitioner goes on to assert that, on March 23, 2015, the same Court granted *certiorari* in *Montgomery v. Louisiana*, --- U.S. ---, 135 S.Ct. 1546 (2015), to ponder the question as to whether *Miller* should be applied retroactively (Doc. 1, p. 5).

Respondent Answered the Complaint, asserting this was a successive petition and that Reeves must have approval from the Eleventh Circuit Court of Appeals to file this action (Doc. 6).

The Court notes that its review of this petition is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b). In an Order instructing Petitioner to address this issue, the Court noted that "[b]efore a second or successive application [] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (Doc. 7).

The Court notes that Petitioner has provided no evidence that he has been given the authority to file this action. In fact, Reeves admits that he has sought such authority, but the Eleventh Circuit Court of Appeals, on June 25, 2015, denied it (Doc. 8, p. 3). *See In re Reeves*, No. 15-12376 (11th Cir. June 25, 2015). Because Petitioner has filed a successive habeas petition, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.[1]

Therefore, it is recommended that this habeas petition be denied as this Court does not have jurisdiction to review it, that this action be dismissed, and that judgment be entered in favor of Respondent Walter Myers and against Petitioner Julius

---

[1] Reeves has requested this Court to stay this action until the Supreme Court decides *Montgomery* (Doc. 8, pp. 4-5). However, this Court does not have jurisdiction to entertain such a request.

Reeves on all claims.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and

recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 20th day of July, 2015.

                                                                      <u>s/BERT W. MILLING, JR.</u>
                                                                      UNITED STATES MAGISTRATE JUDGE