IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIUS REEVES, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0288-WS-M |
| | ) |
| WALTER MYERS, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

This matter is before the Court on the petitioner's motion to alter or amend judgment. (Doc. 13). The motion is timely filed. Fed. R. Civ. P. 59(e).

The petitioner argues his mandatory life sentence for an offense occurring when he was 16 is unconstitutional under *Miller v. Alabama*, 132 S. Ct. 2455 (2012). The Supreme Court recently considered a petition for writ of certiorari raising the following question: "[W]hether *Miller* adopts a new substantive rule that applies retroactively on collateral review to people condemned as juveniles to die in prison?" 2014 WL 4441518 (petition for certiorari). The Supreme Court granted cert in March to answer this question. *Montgomery v. State of Louisiana*, 135 S. Ct. 1546 (2015). The petition was filed in May. (Doc. 1).

Because the petitioner had filed and pursued a previous petition under Section 2254, he was required to obtain an order from the Eleventh Circuit authorizing a second or successive petition before filing the instant petition. 28 U.S.C. § 2244(b)(3). The petitioner violated this law by filing his petition contemporaneously with his filing of an application with the Eleventh Circuit for permission to file his petition. (Doc. 13 at 2). The Magistrate Judge entered an order to show cause why the action should not be dismissed on this basis, (Doc. 7), but before the petitioner even responded the Eleventh Circuit affirmatively denied leave to file this petition. (Doc. 13 at 3). The Court adopted the report and recommendation of the Magistrate Judge ("the R&R") that the action be dismissed

for failure to obtain the required appellate permission, and it dismissed the action for lack of jurisdiction. (Doc. 11).

The petitioner argues (as he did previously) that the Court should stay this action rather than dismiss it. (Doc. 13 at 4-6). However, the failure to obtain appellate permission deprives the Court of subject matter jurisdiction.[1] "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," and "the only function remaining to the court is that of announcing the fact and dismissing the cause." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (internal quotes omitted). The petitioner's authorities do not remotely suggest that a court without subject matter jurisdiction nevertheless may stay, and thereby retain (non-existent) jurisdiction over, the case.[2]

The petitioner next argues (for the first time) that the Eleventh Circuit should have granted him permission to pursue this petition, that it made "manifest

---

[1] "Because we conclude that Petitioner's motion raises a new habeas claim without first securing this Court's permission to file a second or successive habeas petition, the District Court lacked subject-matter jurisdiction even to consider Petitioner's claim. [citations omitted] We therefore vacate the District Court's judgment and remand with instructions to dismiss Petitioner's motion for lack of subject-matter jurisdiction." *Franqui v. Florida*, 638 F.3d 1368, 1375 (11th Cir. 2011); *accord Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) ("Williams was required to move this Court for an order authorizing the district court to consider a successive habeas petition [and] [w]ithout such authorization, the district court lacked subject matter jurisdiction to consider the successive petition …."); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (where the trial court dismissed the petition for failure to obtain appellate leave to file a second or successive petition, "[w]e agree with the district court that it lacked subject matter jurisdiction to entertain the Amended Petition, and that the court was obliged to dismiss it for that reason.").

[2] Perhaps because the proposition is so obvious, few courts have expressly said that a stay cannot be entered in the absence of subject matter jurisdiction. But those that have considered the question have uniformly answered it adversely to the petitioner. *E.g., Dresser-Rand Co. v. Ingersoll Rand Co.*, 2015 WL 4254033 at *9 (S.D.N.Y. 2015) (citing cases); *Foster v. Stroebel & Johnson*, 2015 WL 2378643 at *1 (S.D.W. Va. 2015); *Novie v. Village of Montebello*, 2012 WL 3542222 at *16 n.32 (S.D.N.Y. 2012); *Crawley v. Burke*, 2011 WL 4808836 at *4 (D. Minn.), *report and recommendation adopted*, 2011 WL 4808865 (D. Minn. 2011).

errors of fact and law" when it denied him permission to do so, and that the Court should "correct these manifest errors of law and fact" by disregarding the Eleventh Circuit's ruling. (Doc. 13 at 3, 6-9). This shocking proposal is unsupported even by any pretense of legal authority; indeed, the petitioner admits the Court "is bound by the authority of the Eleventh Circuit." (*Id*. at 6). That is true not only as a general matter of hierarchy but as a matter of legislative command, since Section 2244(b) makes the prior grant of appellate permission an absolute prerequisite to filing in this Court.[3]

The Court remains uncertain why the petitioner fears dismissal of his petition. The dismissal is of course without prejudice,[4] so it does not preclude him from filing a petition if and when he receives appellate permission to do so. And the petitioner admits the Eleventh Circuit has already told him that its denial of permission to file the instant petition "does not preclude [him] from filing [a] new successive application[] after the Supreme Court decides Montgomery." (Doc. 10 at 4.). But even if the petitioner has grounds for concern, they do not permit the Court to retain jurisdiction over a case as to which, as a matter of law, it has no jurisdiction.

For the reasons set forth above, the motion to alter or amend judgment is **denied**.

DONE and ORDERED this 4th day of September, 2015.

        s/WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Nor did the Court "rel[y] on" the Eleventh Circuit's order in dismissing his petition, as the petitioner erroneously asserts. (Doc. 13 at 6). The R&R noted the appellate order but rested (properly) on the fact that the Court's "review of this petition is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)." (Doc. 9 at 4). What dooms the petition is not the denial of permission but the absence of permission.

[4] *E.g., Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").